People v Sickler (2018 NY Slip Op 02672)





People v Sickler


2018 NY Slip Op 02672


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

108173

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOSHUA T. SICKLER, Appellant.

Calendar Date: March 2, 2018

Before: McCarthy, J.P., Devine, Mulvey, Aarons and Rumsey, JJ.


Andrew Kossover, Public Defender, Kingston (Michael K. Gould of counsel), for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered December 14, 2015, which revoked defendant's probation and imposed a sentence of imprisonment.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with sexual abuse in the first degree. The charge stemmed from defendant's inappropriate sexual contact with the then nine-year-old female victim in March 2014, at which point defendant was 16 years old. Defendant subsequently pleaded guilty to the reduced charge of attempted sexual abuse in the first degree and was sentenced to six months in the local jail and, in September 2014, was placed on probation for a period of 10 years — subject to various terms and conditions. Less than one year later, defendant was charged with violating numerous terms and conditions of his probation and
declared delinquent. When defendant appeared before County Court in October 2015, defendant was repeatedly advised that, should he elect to admit to the probation violations, County Court would impose the maximum permissible sentence — four years in prison followed by 10 years of postrelease supervision. After conferring with counsel, defendant admitted to violating five separate terms and conditions of his probation, and the matter was adjourned for sentencing. Defense counsel subsequently argued for leniency, citing defendant's mental health issues. County Court revoked defendant's probation and imposed the promised sentence, prompting this appeal.
We affirm. The sole argument raised by defendant on appeal — that the sentence [*2]imposed was harsh and excessive — is unpersuasive. The record reflects that defendant "violated the terms and conditions of his probation in a significant respect" by, among other things, having unsupervised contact with minors, utilizing the Internet to "communicate via email with a girl from Mexico" and possessing pornographic magazines (People v Perry, 157 AD3d 1169, 1169 [2018]). "Given the nature of the underlying crime and the inability of defendant to abide by the terms of his probation, we find no abuse of discretion by County Court nor the existence of any extraordinary circumstances that would warrant a reduction of the [sentence] in the interest of justice" (People v Weidow, 150 AD3d 1488, 1488-1489 [2017] [citations omitted]; see People v Perry, 157 AD3d at 1169-1170), particularly in view of the fact that defendant was well aware of and "agreed to the sentence as part of his admission to violating his probation" (People v Nack, 144 AD3d 1317, 1317 [2016]).
McCarthy, J.P., Devine, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.